UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS NOEL OBANDO SOZA (A# 235-380-901),

Petitioner,

v.

WARDEN OF THE MESA VERDE DETENTION FACILITY,

Respondent.

No. 1:26-cv-05663-DC-SCR

ORDER AND

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee representing himself in this habeas corpus action filed pursuant to 28 U.S.C. § 2241. This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

On July 22, 2026, Respondent was ordered to file an answer to the § 2241 petition within 7 days. ECF No. 7. Respondent filed a notice of appearance in this case on July 27, 2026, but failed to file an answer. ECF No. 8. Furthermore, the deadline to file an answer has passed and no request for an extension of time was filed. The Court construes the failure to file an answer as a lack of opposition to granting the habeas petition. See, e.g., Local Rule 230(c); see also Hall v. Mortg. Invs. Grp., 2011 WL 4374995, *5 (E.D. Cal. 2011) ("Plaintiff does not oppose Defendants' arguments regarding the statute of limitations in his Opposition. Plaintiff's failure to oppose ... on this basis serves as a concession[.]"); Singh v. Chiang, No. ED CV 25-3024 FMO

(SP), 2025 WL 4058328 *4 (C.D. Cal. Dec. 15, 2025) (construing the failure to address an argument as conceding the argument). Based on this lack of opposition, the undersigned recommends granting the § 2241 petition.

Even reviewing the merits of the § 2241 application demonstrates that Petitioner is entitled to relief. The undisputed record in this case demonstrates that Petitioner is a native and citizen of Nicaragua who was detained by Immigration and Customs Enforcement on March 26, 2026 while he was on his way to work. ECF No. 1 at 5. Petitioner has a pending asylum application and was granted work authorization as a result. ECF No. 1 at 5. He remains in immigration custody at the Mesa Verde Detention Facility located in this judicial district. ECF No. 1 at 2. Petitioner asserts that his detention without a bond hearing violates the Fifth Amendment due process clause. ECF No. 1 at 16. By way of relief, Petitioner seeks his immediate release or, in the alternative, a bond hearing before an immigration judge. ECF No. 1 at 17.

In light of Petitioner's pending asylum application and work permit, it is apparent to the Court that Petitioner had prior contact with immigration officials prior to March 2026, and that such immigration officials made an implicit or explicit determination that he was not a danger or flight risk. Considering all of these factors, and consistent with the court's rulings in Selis Tinoco v. Noem, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025); Labrador-Prato v. Noem, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); D.L.C. v. Wofford, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); Altin v. Chestnut, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026), the undersigned finds that petitioner's Fifth Amendment right to procedural due process was violated by his redetention without a pre-deprivation hearing.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motions to proceed in forma pauperis and to appoint counsel (ECF Nos. 2, 3) are denied as unnecessary in light of the recommendation to grant the § 2241 petition.

/////

/////

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be granted based on the merits and on the basis of any lack of opposition thereto.

2. Respondent be ordered to immediately release Petitioner Luis Noel Obando Soza (A# 235-380-901) from custody.

3. At the time of release, Respondent shall return all of Petitioner's documents and possessions.

4. The Clerk is directed to serve the Mesa Verde Detention Facility with a copy of any release order.

5. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide him with a hearing before an immigration judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted.

6. Any final order in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

7. The Clerk of Court be directed to enter judgment for Petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties

////

////

////

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 4, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE