UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS NOEL OBANDO SOZA (A# 235-380-901),

Petitioner,

v.

WARDEN OF THE MESA VERDE DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-05663-DC-SCR (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(ECF No. 9)

Petitioner, a federal immigration detainee proceeding pro se, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. (ECF No. 1) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 4, 2026, the magistrate judge filed findings and recommendations herein, which were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within three days. (ECF No. 9.) On August 7, 2026, Respondents filed a document entitled “objections to findings and recommendations.” (ECF No. 10.) Respondents do not expressly object to the findings and recommendations, but merely assert their position that Petitioner was detained pursuant to 8 U.S.C. § 1225(b)(2)(A) while simultaneously acknowledging that Petitioner is detained under 8 U.S.C. § 1226(a) per the binding precedent set forth under *Ramon Rodriguez Vazquez v. Drew Bostock, et al.*, No. 25-

6842, 2026 WL 2196424 (9th Cir. July 30, 2026). (*Id.*)

In the findings and recommendations, the magistrate judge cited this court's applicable prior cases. (Doc. No. 9.) Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Thus, Respondents do not provide a basis upon which to reject the findings and recommendations. (Doc. No. 10.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 4, 2026 (ECF No. 9), are ADOPTED;

2. Petitioner Luis Noel Obando Soza's (A# 235-380-901) application for a writ of habeas corpus is GRANTED;

3. Respondents are ordered to IMMEDIATELY RELEASE Petitioner from custody with the same conditions he was subject to immediately prior to his detention on or about March 28, 2026. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing.

Upon release, Respondents shall return all of Petitioner's documents and possessions;

4. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide him with a hearing before an immigration judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted;

5. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

6. The Clerk of the Court is directed to serve the Mesa Verde Detention Facility with this order; and

7. The Clerk of the Court is directed to enter judgment for Petitioner and to close this case.

IT IS SO ORDERED.

Dated: **August 10, 2026**

Dena Coggins
United States District Judge